**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1642

_____

LAURA CATENA; GREGORY NOVOTNY

v.

NVR, INC,
t/b/d/a Heartland Homes of PA,
Appellant

_____

On Appeal from the United States District Court
For the Western District of Pennsylvania
(District Court No. 2-20-cv-00160)
District Judge: Honorable Marilyn J. Horan

_____

Argued on June 3, 2024
_____

Before: CHAGARES, <u>Chief Judge</u>, CHUNG and FISHER, <u>Circuit Judges</u>

(Filed: August 30, 2024)

Amit Agarwal [Argued]
Holland & Knight
315 S Calhoun Street
Suite 600
Tallahassee, FL 32301

Brendan Connors
Holland & Knight
800 17th Street NW
Suite 1100
Washington, DC 20006

Counsel for Appellant

Lydia A. Gorba [Argued]
Strassburger McKenna Gutnick & Gefsky
444 Liberty Avenue
Suite 2200, Four Gateway Center
Pittsburgh, PA 15222

Kimberly S. Tague
Eckert Seamans Cherin & Mellott
600 Grant Street
44th Floor, US Steel Tower
Pittsburgh, PA 15219

Counsel for Appellee

_____

OPINION[*]
_____

CHUNG, Circuit Judge.

Upon discovering various defects in their newly constructed home, Plaintiffs Laura Catena and Gregory Novotny sued Defendant NVR, Inc., for breach of express warranty and for violating Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). NVR unsuccessfully moved to dismiss and, later, to obtain judgment as a matter of law. After trial, the jury found for Plaintiffs on both claims and NVR now appeals the judgment as to the UTPCPL claim. We agree with NVR that the District Court should have entered judgment for NVR on a portion of the UTPCPL claim, and we will reverse the judgment and remand for further proceedings.

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

2

## I.  BACKGROUND

On September 10, 2017, Laura Catena and Gregory Novotny ("Plaintiffs") entered into a purchase agreement ("contract") with NVR, Inc., to purchase property and construct a home in Mars, Pennsylvania.  The contract included an integration clause and incorporated a Limited Warranty set forth in the homeowner's manual.  Plaintiffs claim that they entered into the contract, relying on their viewing of a model home and on representations NVR made in preliminary discussions, marketing materials, and on its website ("extra-contractual statements"), including that they were purchasing a luxury home ("luxury statements").

After the home was built, Plaintiffs noticed various defects in the home, which they alleged breached the Limited Warranty as well as extra-contractual promises, such as the luxury statements.  Plaintiffs sued NVR asserting claims for breach of a written contract, breach of express and implied warranties, and violation of the UTPCPL.  In their Complaint, Plaintiffs asserted that NVR violated the UTPCPL under three provisions of the statute: failing to comply with the terms of any written guarantee or warranty, 73 Pa. Stat. § 201-2(4)(xiv) (the "warranty portion" of their UTCPCL claim); making repairs, improvements, or replacements on tangible, real or personal property of a nature or quality inferior to or below the standard of that agreed to in writing, id. § 201-2(4)(xvi) (the "repair portion"); and engaging in fraudulent or deceptive conduct by promising they would receive a luxury home, which created a likelihood of confusion or

3

of misunderstanding, id. § 201-2(4)(xxi) (the "catch-all portion"). Plaintiffs also requested treble damages under the UTPCPL. NVR moved to dismiss the Complaint asserting, among other things, that Plaintiffs' UTPCPL claim was barred by the gist-of-the-action doctrine. The District Court rejected the argument, concluding that the gist-of-the-action doctrine did not bar the claim, but partially granted the motion on different grounds and allowed Plaintiffs to amend. Plaintiffs filed an Amended Complaint shortly thereafter.

The case proceeded to trial and NVR moved for judgment as a matter of law on each claim, pursuant to Federal Rule of Civil Procedure 50, after Plaintiffs rested their case. NVR argued, among other things, that the luxury statements were nonactionable puffery as a matter of law and that extra-contractual statements could not be justifiably relied upon per the contract's integration clause. The District Court rejected these arguments but granted the motion in part for other reasons and dismissed all claims except for the breach of limited warranty and UTPCPL claims.

After resting its case, NVR renewed its motion for judgment as a matter of law and again argued that the luxury portion failed as a matter of law because Plaintiffs could not reasonably rely upon nonactionable puffery nor upon extra-contractual statements. The District Court denied the motion and permitted the jury to deliberate upon all portions of the UTPCPL claim. The District Court further noted that if the jury were to find in favor of Plaintiffs, it would schedule a hearing on the treble damages and cost and fees portion of the UTPCPL claim. The parties and the District Court agreed that each

4

party would get thirty days to brief that issue.

On September 22, 2022, the jury found for Plaintiffs on all three portions of their UTPCPL claim. On the verdict slip, the jury indicated that it found that NVR violated the UTPCPL under each provision alleged and awarded $122,585.20 in damages without specifying the amount of damages attributable to each portion of that claim. Appendix ("App.") 562–63. The jury also found that NVR breached its Limited Warranty and awarded damages of $23,877.20 for that claim. Shortly after dismissing the jurors, the District Court reiterated that it would issue "an order directing for a briefing … on the counsel fee cost and the [treble] damage aspect of [the] case," allowing thirty days for each party to brief the issue. Plaintiffs' Supplemental Appendix ("Pls. Supp. App.") 723. The same day, the District Court entered judgment in favor of Plaintiffs reflecting the damages awarded by the jury. The District Court also entered a text order directing Plaintiffs to file a "Petition/Motion as regards additional remedies under the UTPCPL on or before October 24, 2022."[1] Dist. Ct. Dkt., ECF No. 83.

On October 20, 2022, NVR filed another unsuccessful Rule 50 motion for judgment as a matter of law (and moved in the alternative, for a new trial pursuant to Rule 59(e)). Plaintiffs filed their petition for treble damages on October 24, 2022, styling it as a motion to alter the judgment under Federal Rule of Civil Procedure 59(e),[2] which

---

[1] This deadline was four days past the deadline for filing motions to amend the judgment per Federal Rule of Civil Procedure 59(e). Fed. R. Civ. P. 59(e) (motions to amend must be filed "no later than 28 days after the entry of the judgment.").

[2] This would be untimely under Rule 59(e), as courts have no authority to extend the 28-day deadline. Fed. R. Civ. P. 6(b)(2).

5

NVR opposed.  The District Court granted the petition, trebled the UTPCPL jury award, and molded the verdict from $122,585.20 to $367,755.60.  After considering and awarding attorneys' fees, expert fees, costs, and interests in a separate order, the District Court entered an Amended Judgment "reflecting a final judgment calculation" of $756,744.44 on March 20, 2023.  Dist. Ct. Dkt., ECF No. 126.  This amount reflected the jury verdict for the breach of limited warranty, the molded verdict for the UTPCPL claim, pre-judgment interest, and fees and costs.  NVR filed its notice of appeal on April 6, 2023.

NVR now appeals the UTPCPL damages award and preceding decisions, arguing that it was entitled to dismissal of, and judgment on, Plaintiffs' UTPCPL claim.  Plaintiffs dispute both our jurisdiction over this appeal and the merits.

II.    DISCUSSION

A.    Jurisdiction

"[W]e have an obligation to assure ourselves that jurisdiction exists," Ellison v. Am. Bd. of Orthopaedic Surgery, 11 F.4th 200, 205 (3d Cir. 2021), and we have jurisdiction to review our own jurisdiction when it is in doubt, Duncan v. Governor of Virgin Islands, 48 F.4th 195, 203 n.6 (3d Cir. 2022).  Appellate courts have jurisdiction over "all final decisions of the district courts of the United States."  28 U.S.C. § 1291.  Under the Federal Rules of Appellate Procedure, a party must file a notice of appeal "within 30 days after entry of the judgment or order appealed from."  Fed. R. App. P. 4(a)(1)(A).

6

Plaintiffs argue that we lack jurisdiction over this appeal because NVR failed to timely appeal the District Court's original judgment, entered on September 22, 2022. NVR counters that the initial judgment was not a final decision for purposes of appeal because it did not determine the full extent of damages and argues that it timely appealed the amended judgment entered on March 20, 2023. We conclude that we have jurisdiction over this appeal because the District Court's September judgment was a partial judgment, not a final appealable order, and NVR's appeal of the March judgment was timely.

On September 22, 2022, the District Court entered the jury verdict on the docket as a judgment in favor of Plaintiffs. The District Court's action in entering this judgment typically would render it final for appeal purposes. Here, however, the District Court indicated that it did not consider the September judgment to be full and final. For instance, in directing Plaintiffs to brief treble damages, the District Court did not reference Rule 59(e) or otherwise signal that awarding such damages would constitute an amendment to a *final* judgment. See Dist. Ct. Dkt., ECF No. 83 (ordering Plaintiffs to file "Petition/Motion as regards additional remedies under the UTPCPL"). The thirty-day deadline itself also reflects that the District Court considered the September entry to be only a partial judgment. Had the District Court considered it to be a full and final judgment, it would have had to set the deadline earlier.[3] In other words, the District

---

[3]     See Fed. R. Civ. P. (6)(b)(2) and 59(e) (courts have no authority to alter 28 day time limit for filing motions to amend judgment under Rule 59(e)). We presume the District Court was aware of these rules.

7

Court viewed its outstanding decision on treble damages—which were sought in Plaintiffs' Complaint—as preventing finality of the UTPCPL claim in this case. See, e.g., Catlin v. United States, 324 U.S. 229, 233 (1945) ("A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."). Because the District Court by its own words and actions indicated that non-collateral issues had yet to be addressed and that it considered the September entry to be a partial judgment, Dist. Ct. Dkt., ECF Nos. 126, 127 (not entering "final judgment calculation" until March), it was not final for purposes of appeal. See Catlin, 324 U.S. at 233.[4]

The District Court resolved the remainder of Plaintiffs' UTPCPL claim and entered a "final judgment calculation" reflecting its decision in its March 20, 2023, Amended Judgment. Dist. Ct. Dkt., ECF No. 126. The Amended Judgment, therefore, is the final order for purposes of appeal, and NVR's April 6 notice of appeal was timely filed within thirty days of that final judgment. We thus have jurisdiction and will proceed to the merits.

---

[4] Because we conclude that the September entry was a partial judgment, Plaintiffs' petition was not in fact a Rule 59(e) motion and we need not address whether the petition for treble damages was untimely and what impact such untimeliness may have had on NVR's time to file its notice of appeal. See Fed. R. App. 4(a)(4)(A)(4)(iv) (tolling the time to file notices of appeal until the District Court disposes of Rule 59(e) motions only for motions that are filed "within the time allowed by [the Federal Rules of Civil Procedure].").

B.  Merits[5]

NVR argues that judgment on Plaintiffs' UTPCPL claim was appropriate because

Plaintiffs could not have justifiably relied upon the luxury statements nor upon any extra-

contractual statements (whether referencing luxury or other promises, such as the kinds

of privacy trees that would be provided).  NVR further contends that the warranty and

repair portions of the UTPCPL claim should have been dismissed pursuant to the gist-of-

the-action doctrine.  We address each argument below.

1.  The Catch-all Portion of Plaintiffs' UTPCPL Claim Fails

To establish a claim under the UTPCPL, a party must demonstrate that:

> (1) they purchased or leased 'goods or services primarily for a personal, family, or household purpose'; (2) they suffered an 'ascertainable loss of money or property'; (3) the loss occurred 'as a result of the use or employment by a vendor of a method, act, or practice declared unlawful by' the [UTPCPL]; and (4) the consumer justifiably relied upon the unfair or deceptive business practice when making the purchasing decision.

> Gregg v. Ameriprise Fin., Inc., 664 Pa. 567, 582, 245 A.3d 637, 646 (2021)

(citation omitted).  Under the catch-all provision, an "unfair or deceptive practice" is

defined as "any … fraudulent or deceptive conduct which creates a likelihood of

confusion or of misunderstanding."  73 Pa. Stat. § 201-2(4)(xxi).  Such conduct covers

---

[5]  We exercise plenary review over the denial of a judgment as a matter of law, and we review the denial of a motion for new trial for abuse of discretion, unless it is based on application of a legal precept, in which case our review is also plenary.  Northview Motors, Inc. v. Chrysler Motors Corp., 227 F.3d 78, 88 (3d Cir. 2000); Starceski v. Westinghouse Elec. Corp., 54 F.3d 1089, 1095 (3d Cir. 1995).  We also exercise plenary review "[w]hen considering an appeal from a denial of a motion to dismiss[.]"  Keystone Redevelopment Partners, LLC v. Decker, 631 F.3d 89, 95 (3d Cir. 2011) (citing Farber v. City of Paterson, 440 F.3d 131, 134 (3d Cir. 2006)).

both oral and written representations.

Plaintiffs argued at trial that NVR engaged in fraudulent or deceptive conduct in violation of the UTPCPL by making various extra-contractual oral and written representations, including that it would provide a "luxury" home, and failing to deliver on those promises. NVR asserts that Plaintiffs could not justifiably rely on these statements because of the contract's integration clause and because, in any case, the luxury statements are nonactionable puffery. We agree.

a. Integration Clause

NVR contends that Plaintiffs cannot have justifiably relied upon pre-contractual statements, such as statements on its website that it provided "luxury" homes, because they signed a contract agreeing that prior representations were not part of, and were superseded by, the contract. We agree that any reliance by Plaintiffs upon extra-contractual representations was unjustified given the express language of the integration clause. Yocca v. Pittsburgh Steelers Sports, Inc.,[6] 854 A.2d 425, 439 (Pa. 2004) (plaintiffs "cannot be said to have *justifiably* relied on any representations made [in an advertising brochure]… before the parties entered" into the contract and UTPCPL claim thus failed). Similarly, Plaintiffs here cannot have justifiably relied upon extra-

---

[6] "As a basic premise, federal courts sitting in diversity cases are required to apply the substantive law of the state whose laws govern the action." Robertson v. Allied Signal, Inc., 914 F.2d 360, 378 (3d Cir. 1990); see also, Mellon Bank Corp. v. First Union Real Est. Equity & Mortg. Invs., 951 F.2d 1399, 1404–05, 1406 n.6 (3d Cir. 1991) (noting that parol evidence rule, made "clearly applicable" by inclusion of an integration clause, is a "matter of substantive law") (citation omitted).

10

contractual statements and representations that were not integrated into the contract.[7]

In reaching a different conclusion, the District Court relied on Earl v. NVR, Inc., 990 F.3d 310 (3d Cir. 2021), and determined that since UTPCPL claims are not contractual, the parol evidence rule did not apply.[8]  This reads Earl too broadly, however. In Earl, we considered only whether the economic loss doctrine or the gist-of-the-action doctrine barred liability under the UTPCPL and determined that neither did in that case. Id. at 312–16.  While Earl suggests that a plaintiff can bring a UTPCPL claim based on "false representations [made] … prior to the formation of the contract," id. at 315, it did not hold that such is true where an integration clause specifically prohibits reliance on such statements.[9]  Plaintiffs could not justifiably rely upon the luxury statements or other extra-contractual promises as such statements were superseded by the contract, and nothing in Earl precludes this conclusion.[10]

---

[7]     The purchasing decision here is Plaintiffs' decision to sign the contract.  Because Plaintiffs could not have relied upon post-contractual statements in making that decision, NVR argues that such statements are irrelevant.  We agree.

[8]     Where there is a writing that represents the entire contract, "the parol evidence rule applies and evidence of any previous oral or written negotiations or agreements involving the same subject matter as the contract is almost always inadmissible to explain or vary the terms of the contract."  Yocca, 854 A.2d at 436–37.

[9]     Though the contract in Earl also contained an integration clause, see Earl v. NVR, Inc., No. 2:20-CV-505-AJS, 2022 WL 1774124, at *5 (W.D. Pa. Mar. 18, 2022), we did not consider its effect in our opinion.  Upon remand, the District Court cited the integration clause in granting partial summary judgment on the UTPCPL claim.  Id. at *5–7.

[10]     NVR also argues that the contractual limitations provision in the contract precludes Plaintiffs' UTPCPL claim.  We need not address this argument, however, as that provision would only apply to portions of the UTPCPL claim that are based on extra-contractual statements and we have already concluded those statements are non-actionable.  See App. 187–88.

11

b. <u>Puffery</u>

NVR also argued in its pre-trial and post-trial motions for judgment as a matter of law that Plaintiffs could not justifiably rely upon the luxury statements because such statements were puffery and nonactionable as a matter of law. In other words, NVR contends that statements advertising the "luxury" quality of its homes were generic overstatements that an average consumer would know not to take literally or accept as statements of fact. The District Court initially reserved ruling when considering this argument, but eventually denied it after determining that these statements were not puffery as a matter of law. After trial, the District Court rejected this argument again, finding that the issue was "properly presented to the jury" and the statements together with the model home set a "specific and measurable expectation of quality" that went beyond mere puffery. App. 30. We disagree.

Though the question of whether statements constitute puffery is generally a question of fact for the jury, statements that are of an "excessively vague character" such that they "dissuade[] any reasonable consumer" from relying on them are puffery as a matter of law. <u>Commonwealth v. Golden Gate Nat'l Senior Care LLC</u>, 194 A.3d 1010, 1024 (Pa. 2018). At trial, the promises of luxury were defined in nonspecific terms such as "high-end," "quality materials," "fine finishes and elegant features," and above average "workmanship and [] craftmanship." App. 712, 766–68. These are classic examples of terms that are so vague they amount to nonactionable puffery. <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1428 n.14 (3d Cir. 1997).

12

The District Court cited the model home as providing context to the luxury statements and rendering them specific enough to rise above puffery. While context may elevate vague statements above mere puffery, Golden Gate, 194 A.3d at 1024–25, no such evidence was admitted at trial. Plaintiffs did not testify that NVR represented that the model home reflected the home they would receive, nor did they testify they were told that specific aspects of the model home would be included in their home. The only relevant model home evidence at trial consisted in whole of two equally vague statements that provided no substance to the luxury statements. See Pls. Supp. App. 43 (Plaintiff "viewed a model home a considerable amount of times"); 132, 147–48 (Plaintiff viewed model home that "looked like it was put together very nicely" and the "yard was well kept").

Because Plaintiffs could not have justifiably relied upon any extra-contractual or puffery statements, judgment should have been entered in favor of NVR on the catch-all portion of Plaintiffs' UTPCPL claim.[11]

        2.     <u>The Warranty and Repair Portions are Not Barred by the Gist-of-the-Action Doctrine</u>

Plaintiffs also argued that NVR violated the UTPCPL by engaging in two other unfair or deceptive acts or practices: failing to comply with the terms of any written warranty, in violation of 73 Pa. Stat. § 201-2(4)(xiv); and making repairs, improvements,

---

[11] We also determine below that the appropriate remedy is a new trial. We therefore need not address whether the District Court abused its discretion in denying NVR's motion for a new trial.

or replacements of a quality inferior to that agreed to in writing, in violation of 73 Pa. Stat. § 201-2(4) (xvi). Unlike the catch-all portion, these portions of Plaintiffs' UTPCPL claim must be based on a written representation from NVR, i.e., the Limited Warranty.[12]

NVR argues that the Limited Warranty is central to Plaintiffs' UTPCPL claim, not collateral, and therefore the gist-of the-action doctrine precludes UTPCPL liability. Plaintiffs argue that their claim is a tort claim and further argue that, even assuming their claim is one for breach of contract, the gist-of-the-action doctrine is a common law doctrine that cannot be applied to a statutory tort claim like the UTPCPL.[13]

The gist-of-the-action doctrine bars a claim that "although sounding in tort" is effectively a claim for "breach of its contractual obligations." Dixon v. Nw. Mut., 146 A.3d 780, 788 (Pa. 2016) (citation omitted). Since the doctrine is only implicated when there is a mismatch between the claim (tort) and the gist of the action (contract), three questions arise here: 1) whether the "gist" of Plaintiffs' warranty and repair assertions sound in contract or tort, 2) whether claims under the UTPCPL warranty (subsection (xiv)) and repair (subsection (xvi)) provisions can only sound in tort, and 3) if the gist is contractual, but the UTPCPL claim tortious, whether the common law doctrine can bar the statutory cause of action created by the UTPCPL. We conclude that the gist of

---

[12] To the extent Plaintiffs contend that the extra-contractual and luxury statements are written guarantees, warranties, or repair agreements for purposes of these portions, we reject their inclusion in these portions for the same reasons noted above.
[13] Plaintiffs also argue that NVR failed to preserve its gist-of-the-action argument because it did not raise it in its Rule 50 motions. NVR's argument is a purely legal issue that does not implicate disputed facts and NVR preserved this legal argument by raising it in its motion to dismiss. Dupree v. Younger, 598 U.S. 729, 736 (2023).

Plaintiffs' warranty and repair assertions are contractual. We further conclude that the plain text of the warranty and repair provisions permits Plaintiffs' contractual, non-tortious claims, to be brought under UTPCPL subsections (xiv) and (xvi). Finally, because the gist of the assertions and the related UTPCPL claim both sound only in contract, the gist-of-the-action doctrine is not implicated. Accordingly, we need not decide whether that common law doctrine may be applied to a statutory tort claim.[14]

###### a. The Gist of Plaintiffs' Warranty and Repairs Allegations Sound in Contract

We first consider whether Plaintiffs' breach of warranty and repair allegations under the UTPCPL sound in contract or tort. We conclude that they sound in contract.

The Pennsylvania Supreme Court has explained that "there are circumstances out of which a breach of contract may give rise to an actionable tort." Raab v. Keystone Ins. Co., 412 A.2d 638, 639 (Pa. 1979). When a plaintiff's allegations "substantially constitute assertions of a defendant's complete failure to perform duties originating from a contract—a nonfeasance—the plaintiff's action will be deemed to be a breach of contract; whereas, if the allegations substantially concern the defendant's negligent breach of a duty which exists independently and regardless of the contract—a

---

[14] In Earl, we held that the common law, economic loss doctrine was not applicable to UTPCPL statutory tort claims. 990 F.3d at 314. Although we then assessed the applicability of the gist-of-the-action doctrine to that UTPCPL claim, we did not address the statutory nature of the UTPCPL tort claim. Rather, we determined the doctrine did not apply because there was no mismatch between the claim and the gist. Id. at 316. We also need not address here whether the statutory nature of the UTPCPL forecloses application of the gist-of-the-action doctrine since we determine that the doctrine is not implicated for other reasons.

15

misfeasance—then the action will be regarded as one in tort." Bruno v. Erie Ins. Co., 106 A.3d 48, 63 (Pa. 2014).[15] When there is misfeasance, "the contract itself is collateral to the cause of action." Id. at 67–68 (citation omitted).

For the warranty and repair portions of their UTPCPL claim, Plaintiffs essentially assert that NVR furnished them a home with shoddy construction and that NVR either failed to make repairs or furnished repairs that were equally shoddy. These allegedly breached duties arise from the Limited Warranty and would not exist "regardless of the contract."[16] Id. at 63; see generally App. 174–76, 179–81. In other words, the breach of the limited warranty is not collateral to these portions of the UTPCPL claim. Accordingly, the gist of the warranty and repair portions of Plaintiffs' UTPCPL claim sound in contract, rather than tort.

> b.  The Plain Text of the UTPCPL Warranty and Repair Provisions Provides for Causes of Action Sounding in Contracts

---

[15]    In Bruno, the Pennsylvania Supreme Court noted that Commonwealth Courts (which have original and appellate jurisdiction over limited kinds of actions) continue to use the nonfeasance/misfeasance distinction in determining whether the gist of an action sounds in tort or contract, id. at 67-68, while the Superior Court (which addresses all other criminal and civil appeals) uses slightly different semantics: "whether the duty allegedly breached was created by the contract itself, or, instead, is in the nature of a broader duty owed to others imposed as a result of the social policy reflected in the law of torts," id. at 67. The Pennsylvania Supreme Court has said they boil down to the same consideration, the "nature of the duty" allegedly breached. Id. at 68.

[16]    We reach the same conclusion even if we were to assume that NVR allegedly breached a duty that exists "independently and regardless of" the Limited Warranty, e.g., the duty to provide workmanlike construction. Bruno, 106 A.3d at 63. Any such duty is inextricably intertwined with the duty to provide defect-free workmanship as set forth in the Limited Warranty, see generally App. 206–250; and, hence, the gist of the action is still contractual. Bruno, 106 A.3d at 66–67.

16

In arguing that the gist-of-the-action doctrine bars Plaintiffs' UTPCPL claim, the underlying assumption is that all UTPCPL provisions must sound in tort. It is true that our Court and the Pennsylvania Superior Court have broadly stated that nonfeasance is not actionable under the UTPCPL. See Horowitz v. Fed. Kemper Life Assur. Co., 57 F.3d 300, 307 (3d Cir. 1995); Gordon v. Pa. Blue Shield, 548 A.2d 600, 604 (Pa. Super. Ct. 1988). These cases do not necessarily control here, however, because they appear to address only the denial of insurance claims (nonfeasance) in the context of the UTPCPL's catch-all provision and do not specifically address the warranty and repair provisions. Because the "state's highest court has not provided guidance," on whether these provisions may sound in nonfeasance, we must "predict[] how that court would resolve the issue." Crystallex Int'l Corp. v. Petróleos De Venezuela, S.A., 879 F.3d 79, 84 (3d Cir. 2018) (citation omitted). We are required to "give 'due deference' to the intermediate state courts' rulings," id. (quoting In re Makowka, 754 F.3d 143, 148 (3d Cir. 2014)), and may also consider "what the Pennsylvania Supreme Court has said in related areas[.]" In re Makowka, 754 F.3d at 148 (citation omitted).

We begin and end with the text. See Marcellus Shale Coal. v. Dep't of Env't Prot., 292 A.3d 921, 937 (Pa. 2023). A straightforward reading of these provisions reflects that they can encompass nonfeasance claims. UTPCPL subsection (xiv) prohibits "[f]ailing to comply with the terms of any written guarantee or warranty" and subsection (xvi) prohibits "[m]aking repairs, improvements or replacements … of a nature or quality inferior to … that agreed to in writing." 73 Pa. Stat. § 201-2(4). This unambiguous

17

language embraces claims based on the "mere failure to perform [a contract] (nonfeasance)." Raab, 412 A.2d at 639; see, e.g., Johnson v. Hyundai Motor Am., 698 A.2d 631, 639 (Pa. Super. Ct. 1997). This conclusion is not inconsistent with the Pennsylvania Supreme Court's consideration of the UTPCPL in other contexts, where it has noted that the statute prohibits conduct "which might be analogized to" "an array" of practices, including breach of contract and breach of warranty. Ash v. Cont'l Ins. Co., 932 A.2d 877, 881 (2007) (quoting Gabriel v. O'Hara, 534 A.2d 488, 495 (1987)); see also Johnson v. Hyundai Motor Am., 698 A.2d 631, 639 (Pa. Super. Ct. 1997) (noting that "the provisions [(xiv) and (xvi)] violated … were solely breach of contract/warranty"). Moreover, relying on the plain text here is consistent with Pennsylvania's construction statute which mandates that "[w]hen the words of the statute are clear and free from all ambiguity, the letter of it is not to be disregarded[.]" Gibson v. State Farm Mut. Auto. Ins. Co., 994 F.3d 182, 187 (3d Cir. 2021) (quoting 1 Pa. Cons. Stat. Ann. § 1921(b)). We predict therefore that the Pennsylvania Supreme Court would conclude, based on the text, that nonfeasance can be actionable under the UTPCPL warranty and repair provisions.

Having concluded that Plaintiffs can bring contract claims under UTPCPL subsections (xiv) and (xvi) and having further concluded that the gist of Plaintiffs' warranty and repair assertions sound in contract, not tort, the gist-of-the-action doctrine is not implicated. We therefore reject NVR's argument that the District Court erred by not granting it dismissal on this basis.

18

### 3. Remedy

Based on the foregoing, we conclude that the District Court should have granted judgment in favor of NVR on the catch-all portion of Plaintiffs' UTPCPL claim.[17]

Though the warranty and repair portions of Plaintiffs' UTPCPL claim were properly before the jury, we further conclude that the jury verdict is substantially undermined and that a new trial is warranted. See Weisgram v. Marley Co., 528 U.S. 440, 451 (2000). We are doubtful that the damages awarded on the UTPCPL claim are not attributable to perceived breaches of extra-contractual promises and luxury statements, especially in light of the considerable evidence of those statements admitted at trial and the jury's award of damages in one lump sum for the entire UTPCPL claim. Id.; cf. Glass v. Phila. Elec. Co., 34 F.3d 188, 191 (3d Cir. 1994) ("In reviewing evidentiary rulings [of nonconstitutional error in a civil suit,] such error is harmless only 'if it is highly probable that the error did not affect the outcome of the case.'" (citation omitted)). The breach of warranty verdict, including damages, is also substantially undermined because that verdict is inextricably intertwined with the warranty and repairs portions of the UTPCPL verdict. See, e.g., App. 172–79 (Amended Complaint citing same alleged warranties and defects, including extra-contractual promises such as privacy trees, in support of both claims); Pls. Supp. App. 714–719 (jury question regarding

---

[17] To the extent that the warranty and repair portions were based on extra-contractual and luxury statements, any alleged defects based on those statements should also be excluded. See, e.g., App. 174 (alleging defects including insufficient water pressure; rocky topsoil; small and dying trees; and infestation of voles).

warranty and UTPCPL damages). Since it is highly probable that the admission of the extra-contractual and luxury evidence affected the outcome of this case, and because both verdicts are inextricably intertwined, the error was not harmless and reversal in full is warranted. See Weisgram, 528 U.S. at 451–52.; cf. Glass, 34 F.3d at 191.

We will therefore reverse the judgment in full and remand for the District Court to enter judgment in favor of NVR on the catch-all portion of Plaintiffs' UTPCPL claim and conduct a new trial on the remaining claims. See Weisgram, 528 U.S. at 451–52.

III.     CONCLUSION

For the foregoing reasons, we will reverse the judgment and remand for further proceedings consistent with this opinion.